IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

HUNTINGTON DIVISION

**EDWARD JESS DREYFUSE**,

    Petitioner,

v.　　　　　　　　　　　　Case No. 3:16-cv-04057

**PAUL T. FARRELL, Judge**
and **JOHN "JACK" LAISHLEY,**
Conspirator,

    Respondents.

**PROPOSED FINDINGS AND RECOMMENDATIONS**

Pending before the Court is Petitioner's Application to Proceed Without Prepayment of Fees or Costs, (ECF No. 1), and Petition for Right of Review, (ECF No. 2). This matter is assigned to the Honorable Robert C. Chambers, United States District Judge, and by Standing Order has been referred to the undersigned United States Magistrate Judge for the submission of proposed findings of fact and recommendations for disposition pursuant to 28 U.S.C. § 636(b)(1)(B). For the reasons that follow, the undersigned respectfully **RECOMMENDS** that the Application to Proceed Without Prepayment of Fees or Costs and the Petition for Right of Review be **DENIED** and the action be **DISMISSED**, with prejudice, pursuant to 28 U.S.C. § 1915 and § 1915A.

**I.**   **Background**

Petitioner, a state prisoner, seeks a "right of review" under the Administrative Procedure Act ("APA"), 5 U.S.C. § 702, regarding alleged actions of his court-appointed

1

defense attorney and the presiding circuit judge in his state criminal case, Respondents in this action. Petitioner asserts that Respondents knowingly and intentionally conspired to embezzle "Judicial and Public Funds" by respectively submitting and approving legal bills for services never rendered. (ECF No. 2 at 1-2). He contends that Respondents violated various federal criminal statutes and that the "fraudulent billings" for "non-existent investigations" were paid by county taxpayers and "funds of the Citizens of the United States of America." (*Id.* at 2). Petitioner further requests what he identifies as a "Protection Order," stating that he fears for his life and other forms of retaliation as a result of bringing Respondents' "Criminal Activities" to light. (*Id.* at 3).

## II. Standard of Review

Pursuant to the provisions of 28 U.S.C. § 1915, the Court must screen each case in which a prisoner seeks to proceed *in forma pauperis* (without prepayment of fees and costs). Further, pursuant to 28 U.S.C. § 1915A, the Court must screen each case in which "a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity." 28 U.S.C. § 1915A(a). The Court must dismiss the case, or any part of it, if the complaint is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e). A "frivolous" case has been defined as one which is based upon an indisputably meritless legal theory, *Anders v. California*, 386 U.S. 738, 744 (1967); *Denton v. Hernandez,* 504 U.S. 25 (1992), or lacks "an arguable basis either in law or fact." *Neitzke v. Williams,* 490 U.S. 319, 325 (1989). Likewise, a complaint fails to state a compensable claim, and therefore should be dismissed, when viewing the well-pleaded factual allegations in the complaint as true and in the light most favorable to the plaintiff, the complaint does not contain "enough facts to state a claim to relief that is plausible on

its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). The Supreme Court further clarified the "plausibility" standard in *Ashcroft v. Iqbal,* 129 S. Ct. 1937 (2009), stating that "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* at 1949.

This Court is required to liberally construe *pro se* pleadings, such as the one filed in this civil action. *Erickson v. Pardus,* 551 U.S. 89, 94 (2007). However, even under this less stringent standard, the pleading must state sufficient factual allegations to support a valid legal cause of action. The Court may not rewrite the pleading to include claims that were never presented, *Parker v. Champion*, 148 F.3d 1219, 1222 (10th Cir. 1998), develop the plaintiff's legal theories for him, *Small v. Endicott,* 998 F.2d 411, 417-18 (7th Cir. 1993), or "conjure up questions never squarely presented" to the Court. *Beaudett v. City of Hampton,* 775 F.2d 1274, 1278 (4th Cir. 1985).

### III.  Analysis

The APA provides that "[a] person suffering legal wrong because of agency action, or adversely affected or aggrieved by agency action within the meaning of a relevant statute, is entitled to judicial review thereof." 5 U.S.C. § 702. The term "agency" is defined by statute as "each authority of the Government of the United States." *Id.* at § 701(b)(1). Critically, the APA does not authorize suits against state actors, even in their official capacity, or against private individuals. *Id.* at §§ 701, 702; *see, e.g., Mwabira-Simera v. Howard Univ.*, 692 F. Supp. 2d 65, 70 (D.D.C. 2010) ("The APA applies only to agencies of the federal government.")

In this case, Petitioner claims that Respondents conspired to embezzle public funds based on fabricated legal services. His allegations clearly fail to state a cognizable claim under the APA. Petitioner does not challenge an agency action and the individual

3

Respondents named in this lawsuit are not subject to suit under the APA, as they are not a federal agency or even federal employees. *See Ealy v. United States*, 120 Fed. Cl. 801, 805 (2015) ("[T]he APA may not be used to review the actions of federal judges or state entities."); *Serotte, Reich & Wilson, LLP v. Montante*, No. 05-CV-284S, 2009 WL 3055294, at *6 (W.D.N.Y. Sept. 21, 2009) (holding that "proper defendants in an APA action are 'the United States, the agency by its official title, or the appropriate officer' [...] Consequently, the APA claim against Judge Montante must be dismissed for lack of jurisdiction.") (citing 5 U.S.C. §§ 703, 704); *U.S. v McNeal*, 221 F.3d 1336 (6th Cir. 2000) ("[W]e find that the defense attorneys are exempt from suit under the APA as McNeal did not allege that they were employed by any federal agency."); *Griffith v. Bell-Whitley Cmty. Action Agency*, 614 F.2d 1102, 1106 (6th Cir. 1980) (finding that district court had no subject-matter jurisdiction to hear claims against community action agency because it was not a federal agency and its employees were not federal employees.); *Mwabira-Simera v. Howard Univ.*, 692 F. Supp. 2d 65, 70 (D.D.C. 2010) ("Neither the University, which is a private educational institution, nor any of the individual defendants are subject to suit under the APA [...] The APA applies only to agencies of the federal government."); *and Hanson v. Wyatt*, 552 F.3d 1148, 1156 (10th Cir. 2008) ("A suit against Maj. Gen. Wyatt in his state capacity, however, cannot be brought under the APA" because "Maj. Gen. Wyatt, acting in his state capacity, is not an 'authority of the Government of the United States,' [...] and hence not an agency subject to suit under the APA.").

Therefore, when viewing Petitioner's factual allegations as true and in the light most favorable to Petitioner, the petition does not contain "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). Accordingly, the undersigned finds that the Petition for Review should be denied

and the case dismissed from the docket of the Court.[1]

## IV. Proposal and Recommendations

For the reasons set forth above, the undersigned respectfully **PROPOSES** that the District Court accept and adopt the findings proposed herein and **RECOMMENDS** the following:

1. Petitioner's Application to Proceed without Prepayment of Fees or Costs, (ECF No. 1), be **DENIED**;

2. Petitioner's Petition for Right of Review, (ECF No. 2), be **DENIED**; and

3. This civil action be **DISMISSED, with prejudice,** and removed from the docket of this Court.

Petitioner is notified that this "Proposed Findings and Recommendations" is hereby **FILED**, and a copy will be submitted to the Honorable Robert C. Chambers, United States District Judge. Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), and Rules 6(d) and 72(b), Federal Rules of Civil Procedure, Petitioner shall have fourteen days (filing of objections) and three days (if received by mail) from the date of filing this "Proposed Findings and Recommendations" within which to file with the Clerk of this Court, specific written objections, identifying the portions of the "Proposed Findings and Recommendations" to which objection is made and the basis of such objection. Extension of this time period may be granted by the presiding District Judge for good cause shown.

---

[1] Petitioner further requests a "Protection Order" on the basis that he is in state custody and fears retaliation for filing this lawsuit against a state judge and a defense attorney. (*Id.* at 3). To the extent that Petitioner wishes to be placed in protective custody, the Court cannot grant such relief. Petitioner presents only a vague, unsubstantiated concern that he might suffer some sort of unknown retaliation for filing this lawsuit. Plaintiff, who is currently housed in the Northern Correctional Facility at Moundsville, West Virginia, has not stated any factual allegations to support the need for protection. He does not claim that he has been threatened or intimidated, nor indicates that his physical safety has been jeopardized. Therefore, the motion is without merit. The undersigned recommends that if Petitioner is genuinely concerned for his safety while incarcerated, he should present such concerns to the warden of his facility.

Failure to file written objections as set forth above shall constitute a waiver of *de novo* review by the District Court and a waiver of appellate review by the Circuit Court of Appeals. *Snyder v. Ridenour*, 889 F.2d 1363 (4th Cir. 1989); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984). Copies of such objections shall be provided to the opposing party, Judge Chambers and Magistrate Judge Eifert.

The Clerk is instructed to provide a copy of this "Proposed Findings and Recommendations" to Petitioner.

**FILED**: February 22, 2017

---
Cheryl A. Eifert
United States Magistrate Judge